**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| PATTY COOK, | § § | |
| **Plaintiff,** | § § | Civil Action No. |
| v. | § § | |
| FINGERHUT, | § § | **Jury Trial Demanded** |
| **Defendant.** | § § § | |

# COMPLAINT

PATTY COOK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Duncanville, Texas 75137.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in March 2016 and continuing thereafter, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis, calling multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic

telephone dialing system and/or automatic and/or pre-recorded messages because Defendant's calls would begin with a delay or pause before speaking to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Although Plaintiff had an account with Defendant, she revoked consent in March 2016 shortly after calls began, revoking any consent previously given to Defendant to place telephone calls to her cellular telephone number.

17. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone multiple times per day.

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

19. These repetitive and continuous calls were frustrating and annoying to endure, so Plaintiff took necessary measures to block calls from Defendant's phone numbers by downloading a blocking application.

20. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent on and after March 2016, as Plaintiff revoked any previous consent given to call her cellular telephone.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATTY COOK, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PATTY COOK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: September 15, 2016   By:   /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com